**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 2 2015

JAMES W. McCORMACK, CLERK
By: _____
*DEP CLERK*

ROBERT NOLAN

                Plaintiff,

   -against-

PORTFOLIO RECOVERY ASSOCIATES, LLC
A Virginia Corporation

                Defendant.

Civil Action No. 3:15CV8- DPM

**JURY TRIAL DEMANDED**

This case assigned to District Judge ___Marshall___
and to Magistrate Judge___Young___

**ORIGINAL COMPLAINT**

      Plaintiff, Robert Nolan (Nolan), by his undersigned counsel brings this action against

Portfolio Recovery Associates, LLC (Portfolio), and states:

**STATEMENT OF JURISDICTION AND VENUE**

     1.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331,  15 U.S.C.

§1692k(d) and 28 U.S.C. §1367 for pendant State law claims.

     2.     This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq. and violations of the Arkansas Deceptive Trade Practices

Act, Ark. Code Ann. §4-88-107(a)(10).

     3.     The acts and events complained of in this Complaint occurred within Jonesboro,

Craighead County, Arkansas.

1

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5.     The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.     Nolan is a resident of Jonesboro, Craighead County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7.     At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8.     Portfolio is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR  72201

## FACTUAL BACKGROUND

9.     The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10.     Portfolio filed a lawsuit against Nolan in the District Court of Craighead County, Arkansas on August 13, 2014 alleging a consumer debt.

2

11.     The lawsuit and attached affidavit alleges Nolan defaulted on a credit card account obligation with the original creditor, Target National Bank.  A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

12.     Portfolio asserted it purchased and was assigned the account.

13.     The Complaint filed by Portfolio, and the attached affidavit, reflect an amount due of $1,084.71.

14.     According to the account statement attached to Portfolio's Complaint, the amount owing was $1,049.71.

15.     Upon information and belief, the date of default was July 2011.

16.     The Complaint further requests costs, post-judgment interest at the "contract rate" and for all other proper relief.

35.     Because "costs, post-judgment interest at the contract rate and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1).**

36.     By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A).**

37.     By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f.**

38.     Portfolio has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of **15 U.S.C. §1692e(5).**

39.     Portfolio is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Nolan and any creditor.

40.     At the time it commenced the action against Nolan, Portfolio possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

41.     According to its own attachments, the balance allegedly owed by Nolan was $1,049.71, which, upon information and belief, contains interest charges and late charges.

42.     The Complaint filed by Portfolio requests a judgment in the principal amount of $1,084.71.

43.     Portfolio is seeking to collect amounts not owed in violation of **15 U.S.C. §1692e(2)(A)** which prohibits the false representation of the character, amount, or legal status of any debt.

44.     Portfolio is seeking to collect amounts which are not expressly authorized by the agreement creating the debt in violation of **15 U.S.C. §1692f(1).**

45.     Upon information and belief, Nolan's account was delinquent and in default in July, 2011.

46.     The collection lawsuit filed by Portfolio was filed August 13, 2014.

47.     Pursuant to Ark. Code Ann. §16-56-105(1), the statute of limitations for any obligation not in writing is three years.

48.     Under applicable Arkansas law, a cause of action based upon a debt obligation accrues when the debt goes into default.

49.     As Nolan's alleged debt went into default in July, 2011, the collection lawsuit filed by Portfolio was outside the applicable statute of limitations.

50.     Because Portfolio filed its collection lawsuit outside the applicable statute of limitations, Portfolio took action that it could not legally take in violation of **15 U.S.C. §1692e(5).**

51.     Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

52.     Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

53.     The averments set forth in paragraphs 1-52 are adopted herein and incorporated as if set forth word for word.

54.     Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

        a.      15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

        b.      15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

        c.      15 U.S.C. §1692e(10):  The use of any false representation or deceptive means to collect any debt;

        d.      15 U.S.C. §1692f:  Using unfair or unconscionable means to collect or attempt to collect any debt;

    e.    15 U.S.C. §1692f(1):  The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

55.    The averments contained in paragraphs 1-54 are hereby incorporated as if set forth word for word.

56.    By representing that the principal amount owed by Nolan was $1,084.71 when, upon information and belief, the principal amount owed was less than $1,049.71, Portfolio was engaged in false and deceptive acts pursuant to Ark. Code Ann. §4-88-107(a)(10).

## DAMAGES

57.    The averments set forth in paragraphs 1-56 are adopted herein and incorporated as if set forth word for word.

58.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Nolan is entitled to the following damages:

    a.  actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

    b.  statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

    c.  actual damages pursuant to 15 U.S.C. §1692k(a)(1)

    d.  actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

## PRAYER

WHEREFORE, Nolan prays that:

1.  He be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2.  He be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3.  He be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4. He be granted actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

Respectfully submitted,

By:

Todd Wooten, Esq.  ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

and

By:

J.R. Andrews, Esq.   ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

Attorneys for Plaintiff

7

## IN THE DISTRICT COURT OF CRAIGHEAD COUNTY, ARKANSAS

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                          CRAIGHEAD COUNTY **PLAINTIFF**
                                                                DISTRICT COURT

**V.**                          CASE NO. ___C-14-621___          2014 AUG 13  A 10: 41

**ROBERT L NOLAN**                                                           **DEFENDANT**

                                                                    FILED

### COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a corporation authorized to bring this action under Ark. Code Ann. § 4-27-1501.

2. That the Defendant is a resident of CRAIGHEAD County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her TARGET NATIONAL BANK / TD BANK USA, N.A. / TARGET account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principle amount, $1,084.71 as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand has been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $1,084.71, plus all costs herein paid and expended, for post-judgment interest at the contract rate, and for all other proper relief.

                          JENNIFER P. SANDERS
                          PORTFOLIO RECOVERY ASSOCIATES, LLC
                          120 CORPORATE BLVD
                          NORFOLK, VA 23502

15-86932                  JENNIFER P. SANDERS, (2002047)

**EXHIBIT**
**1**

This communication is from a debt collector and is an attempt to collect a debt.

## AFFIDAVIT

State of Virginia
City of Norfolk ss.

I, the undersigned, _____**Meryl Dreano**_____, Custodian of Records, for Portfolio Recovery Associates, LLC
hereby depose, affirm and state as follows:

1.      I am competent to testify to the matters contained herein.

2.      I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing
business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I authorized to make the
statements, representations and averments herein, and do so based upon a review of the business records of the Original
Creditor **TARGET NATIONAL BANK/TARGET** and those records transferred to Account Assignee from **TD BANK
USA, N.A.** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business
records, in the ordinary course of business.

3.      According to the business records, which are maintained in the ordinary course of business, the account, and all
proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account
having been sold, assigned and transferred by the Account Seller on **8/22/2013**.  Further, the Account Assignee has been
assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement,
satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest
in said account or the proceeds thereof, for any purpose whatsoever.

4.      According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary
course of business by the Account Assignee, there was due and payable from **ROBERT L NOLAN** ("Debtor and Co-
Debtor") to the Account Seller the sum of **$1,084.71** with the respect to account number **ending in 1222** as of the date of
**1/16/2012** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of
the sale.

5.      According to the account records of said Account Assignee, after all known payments, counterclaims, and/or
setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$1,084.71** as due and owing as of the
date of this affidavit.

6.      Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is
not on active military service of the United States.

Portfolio Recovery Associates, LLC

_____

By: _____**Meryl Dreano**_____, Custodian of Records

Subscribed and sworn to before me on _____**MAY 0 8 2014**_____

_____
Notary Public



SANDRA A. WHITE
NOTARY PUBLIC
REGISTRATION # 7242619
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
SEPTEMBER 30, 2017



This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

15-86932-9131

---

***Asset Sale Agreement***
***Attachment 2***

---

### BILL OF SALE

TD BANK USA, N.A. ("Seller"), for valuable consideration, receipt of which is hereby acknowledged, hereby sell, assign and transfer to Portfolio Recovery Associates, LLC ("Buyer"), all personal property compromising the Accounts listed in the electronic file identified in **Appendix 1** hereto (the "Accounts") as provided in the Forward Flow Asset Sale Agreement dated June 21, 2013, between Buyer and Seller (the "Agreement"), subject to the terms and conditions set forth in such Agreement, including without limitation, the acknowledgements of Buyer contained in Section 14 of the Agreement.

Except as provided in the immediately following sentence and the Agreement, this Bill of Sale is executed without recourse and without representations or warranties. With respect to the Accounts that are the subject of this Bill of Sale, Seller hereby makes and confirms Seller's representations and warranties set forth in the Agreement and Buyer hereby makes and confirms the acknowledgments made by Buyer in Section 14 of the Agreement.

Date: _9/27/13_

PORTFOLIO RECOVERY ASSOCIATES, LLC

By: _____

Title: _Authorized Seller_

ADDRESS: 140 Corporate Boulevard
        Norfolk, VA 23502

TD BANK USA, N.A.

By: _____

Title: _____

ADDRESS:    2035 Limestone Road
            Wilmington, DE 19808

Department of Defense Manpower Data Center

Results as of : Jun-23-2014 08:56:34 PM

SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: NOLAN
First Name: ROBERT
Middle Name:
Active Duty Status As Of: Jun-23-2014

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Mary M. Snavely-Dixon

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: GAI68CACG0F6G70



**TARGET**



**TARGET**

 Case 3:15-cv-00008-DPM   Document 1   Filed 01/12/15 

*00000*

**TARGET**

## Target Visa Credit Card Account Number:  XXXX-XXXX-XXXX-1222

Account Identification Number:  00020263510
ROBERT L NOLAN

Statement Closing Date: **December 16, 2011**
Page 2 of 2

### Important Messages (cont.)

**Product Safety**
Guest safety continues to be a top priority for Target. Visit Target.com or any Target in-store kiosks for product safety alerts and recall information.

### Transactions

| Trans Date | Description of Transaction or Credit | Location | Amount |
|---|---|---|---|
| | | **Payments And Other Credits** | |
| | No payments or credits were received last month. | | |
| | | **Fees** | |
| Dec. 13 | LATE PAYMENT FEE | | $35.00 |
| | | **TOTAL FEES FOR THIS PERIOD** | $35.00 |
| | | **Interest Charged** | |
| | INTEREST CHARGE-PURCHASES | | $19.00 |
| | | **TOTAL INTEREST CHARGED FOR THIS PERIOD** | $19.00 |

| 2011 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2011 | $235.00 |
| Total interest charged in 2011 | $198.92 |

### Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 22.90% (v) | $1,009.49 | $19.00 |
| Cash Advances | 22.90% (v) | $0.00 | $0.00 |

(v) = Variable Rate

There is a Minimum Charge of $1.00 for any billing period in which an interest charge is imposed.

20263510